UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN M. ABBOUD,

    Petitioner,

v.                                            Case No: 5:22-cv-371-BJD-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Steven M. Abboud, initiated this action on August 22, 2022 (mailbox rule), by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 while still in the custody of the Federal Bureau of Prisons (BOP) (Doc. 1). Shortly after filing his petition, on September 2, 2022, Petitioner was released from BOP custody. Given the relief Petitioner seeks in his petition is to be immediately released, *see* Doc. 1 at 2,[1] the Court ordered him to show cause why his case should not be dismissed as moot, *see* Order (Doc. 4).

Petitioner mailed his response to the Order to Show Cause one day after the deadline (Doc. 9). He asks the Court for an extension, explaining that he

---

[1] Petitioner alleged the BOP refused to calculate his First Step Act earned time credits, and, with the calculation, he was entitled to immediate release. Doc. 1 at 1. He also requests $2,000 for each day he was held beyond his release date.

was impacted by Hurricane Ian. Finding good cause for the delay, the Court considers Petitioner's response as timely filed. In the response, Petitioner contends his petition is not moot because the BOP released him fifteen days beyond his earned release date, and he seeks compensation for his "loss of freedom, loss of wages, [and] violations of [his] civil rights." Doc. 9 at 1.

Pursuant to Article III of the United States Constitution, federal courts have jurisdiction to consider active cases and controversies. U.S. Const. art. III, § 2. "A cause of action becomes moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). Thus, when a habeas petitioner has been released from custody, and he will suffer no collateral legal consequences flowing from the length of his sentence, dismissal is warranted. *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (affirming the district court's dismissal of a habeas petition brought under § 2254 because the petitioner was released from custody, and "there was no possibility that the length of his sentence would have collateral legal consequences"). When a petitioner challenges solely his sentence and not his underlying conviction, the expiration of his sentence will moot his petition. *Williams v. Carter*, 450 F. Supp. 2d 1297, 1299 (M.D. Ala. 2006) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)), *aff'd*, 253 F. App'x 914 (11th Cir. 2007).

In his petition, Petitioner seeks to be released and damages. Doc. 1 at 2. The latter request—for compensation—is unavailable in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). And the former request—immediate release—Petitioner already has obtained. As such, the petition is moot.

Finding the petition no longer presents an active case or controversy, the Court **DISMISSES without prejudice** Petitioner's action. The Court directs the **Clerk** to enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Steven M. Abboud